UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC.,<br><br>                              Plaintiff,<br>      vs.<br><br>BUGABOOS EYEWEAR CORP.,<br>BUGABOOS EYEWEAR (U.S.) INC.,<br><br>                              Defendant. | CASE NO. 09CV2037 JLS (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND ANSWER TO COUNTERCLAIMS OF DEFENDANT**<br><br>(Doc. No. 29.) |

Presently before the Court is Plaintiff Oakley, Inc.'s (Oakley) motion for leave to amend answer to counterclaims of defendant. (Doc. No. 29 (Mot. to Amend).) Also before the Court is Defendants Bugaboos Eyewear Corp. and Bugaboos Eyewear (U.S.) Inc.'s (Bugaboos) response in opposition (Doc. No. 44 (Opp'n)) and Oakley's reply in support. (Doc. No. 53 (Reply).) For the reasons stated below, Plaintiff's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Oakley filed its first amended complaint on November 6, 2009. (Doc. No. 7 (FAC).) Oakley asserted that Bugaboos had infringed on U.S. Design Patent D580,963, U.S. Patent 5,387,949, U.S. Patent 5,638,145, Trademark 2,393,107, Trademark 2,900,432, and Trademark 2,768,242. Six months later, Bugaboos[1] filed its answer and counterclaims. (Doc. No. 12.) Oakley answered the counterclaims soon thereafter. (Doc. No. 15.) Three months later, on August 30, 2010, Oakley filed the present motion for leave to amend.

Oakley wishes to amend paragraph 74 of its answer and assert thirteen new affirmative

---
[1] *See* Doc. No. 26 (Order granting joint motion for name change of defendants).

defenses. (Mot. to Amend at 2.) Bugaboos does not object to amending paragraph 74 and adding affirmative defenses one and three. (Opp'n at 4, 6.) But Bugaboos does object to adding the other eleven affirmative defenses.

## LEGAL STANDARD

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But while the rule should be interpreted extremely liberally, it should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). The opposing party bears the burden of demonstrating why denial is necessary. A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Johnson v. Buckley*, 365 F.3d 1067, 1077 (9th Cir. 2004).

## ANALYSIS

Bugaboos raises two arguments against the addition of the eleven defenses. The Court will address them in the order they are raised. First, the Court will assess whether Oakley unduly delayed in seeking to amend its answer. (*See* Opp'n at 2.) Second, the Court will determine whether the affirmative defenses are futile. (*See id.* at 4.)

**I.     Undue Delay**

Oakley filed its motion for leave to amend prior to the Court-ordered deadline. Nonetheless, the motion must still be analyzed for undue delay under Rule 15(a). *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). In most situations, undue delay by itself "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). But in some egregious cases, delays may be sufficient on their own to deny amendment. *See AmerisourceBergen*, 465 F.3d at 953. *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (holding an eight month delay before seeking leave to amend is unreasonable).

The Court finds that this is not the type of egregious case in which leave to amend should be denied solely on the basis of delay. Oakley began discussing the possibility of amendments approximately three months after it filed its first answer. The amending party in

*AmerisourceBergen* delayed for more than fifteen months. *AmerisourceBergen*, 465 F.3d at 953. If any affirmative defenses will be barred, they will be barred on another basis.

**II.      Futility**

The Court will mirror the parties and discuss the affirmative defenses in the following order: defenses two and thirteen, four and five, six and seven, and eight through twelve.

*(A)      Second and Thirteenth Affirmative Defenses*

Oakley's second affirmative defense argues that Bugaboos lacks standing to assert a *qui tam* action under § 292. Oakley proposes the defense on the basis that Congress might change § 292. This is not a proper basis for asserting an affirmative defense. It is a waste of resources to litigate over nonexistent law. Oakley's motion as to the second affirmative defense is **DENIED**.

The thirteenth affirmative defense states that "Defendants have suffered no injury." (Mot. to Amend at 8.) Oakley raises this defense in response to Bugaboos' request for "a recovery adequate to compensate for the injury that Suntech has suffered because of Oakley's false marking." (*Id.*) That is to say, Oakley raises this affirmative defense because Oakley believes Bugaboos is requesting damages in addition to the monetary fine under § 292. Oakley does not seem to be arguing that Bugaboos lacks standing to bring suit under § 292.

Oakley's position is understandable. Bugaboos' prayer relief for requests "[a] recovery adequate to compensate for the injury that [Bugaboos] has suffered because of Oakley's false marking." (Doc. No. 12 at 31.) The Court finds that—other than Bugaboos' cut of § 292 fines—Bugaboos provides no legal basis to recover damages arising from Oakley's alleged false marking. Paragraph 42 of Bugaboos' answer indicates that Bugaboos brings the counterclaim under § 292 only. *See also id.* ¶ 44. And § 292 provides that the person bringing suit may recover one-half of the penalty. The statute provides no other basis for obtaining damages.

Thus, Bugaboos provides no basis for recovering damages separate from § 292. And because § 292 does not require the plaintiff to assert injury to recover, Oakley's affirmative defense is irrelevant. *See Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1327–28 (Fed. Cir. 2010). Oakley's motion as to the thirteenth affirmative defense is **DENIED**.

*(B)      Fourth and Fifth Affirmative Defenses*

1    Oakley's fourth and fifth affirmative defenses are for claim and issue preclusion. Oakley
2 argues that a prior case, *Oakley, Inc. v. Native Eyewear, Inc.*, "may constitute claim and/or issue
3 preclusion to the Defendants' Seventh Counterclaim." (Reply at 5.) Oakley states that the issue is
4 whether the prior case, " which resulted in a settlement dismissing, with prejudice, all claims,
5 defenses, and counterclaims[,]" constituted full and fair litigation on the issue of false marking.
6 (*Id.*)
7    To the extent the United States's claims regarding this set of markings were assigned to a
8 claimant in *Oakley, Inc. v. Native Eyewear, Inc.*, the fourth and fifth affirmative defenses may not
9 be futile. *See San Francisco Tech. Inc. v. The Glad Prods. Co.*, 2010 WL 2943537, *4 (N.D. Cal.
10 July 26, 2010). But while amendment may not be futile, the facts of this case prove amendment
11 problematic.
12    Oakley has not provided notice regarding the allegedly relevant case. Oakley's pleadings
13 and moving papers do not mention *Native Eyewear*. And it is not until Oakley's reply in support
14 does the Court learn of the case. Bugaboos' opposition notes that "no court has ever entered a
15 final judgment related to an allegation against Oakley for false marking in violation of 35 U.S.C.
16 § 292." (Opp'n at 6.) And Bugaboos argues that Oakley has not identified any "final judgment"
17 or "same claim." (*Id.* at 7.)
18    From the Court's vantage point, Bugaboos is facing these affirmative defenses blindly. It
19 is impossible for Bugaboos to argue against claim and issue preclusion if it is not aware of *Native*
20 *Eyewear*. Oakley argues in its reply that "Oakley has advised the Defendants that [*Native*
21 *Eyewear*] may constitute claim and/or issue preclusion to the Defendants' Seventh Counterclaim."
22 (Reply at 5.) Even then, the Court is left in the dark regarding when, where, and how Bugaboos
23 was advised.
24    A related concern is that the Court has not been provided with any basis for assessing
25 *Native Eyewear*'s relevancy. The Court has not been provided with any prior pleadings, prior
26 Orders, or any other indication that the "same claim" has been litigated or that a "final judgment"
27 was reached.
28    Nonetheless, the Court recognizes that it should grant leave to amend liberally. And at this

1  moment the Court cannot find that Bugaboos will be prejudiced, that Oakley is acting in bad faith,
2  or that amendment would be futile.  With two bad options, the Court chooses the one most closely
3  aligned with the policy of liberal amendment.  Oakley's motion for leave to amend is **GRANTED**
4  as to the fourth and fifth affirmative defenses.

*(C)*   **Sixth and Seventh Affirmative Defenses**

Oakley's sixth and seventh affirmative defenses are for laches and unclean hands.  Oakley seems to argue that, to the extent Bugaboos hopes to benefit from the *qui tam* action, Bugaboos could be subject to laches and unclean hands.

Bugaboos proposes that equitable defenses such as laches and unclean hands are not applicable in *qui tam* actions because equitable defenses may not be invoked against the government.  (Opp'n at 7–8.)  And because Bugaboos stands in the place of the United States when bringing a § 292 suit against Oakley, laches and unclean hands are similarly unavailable against Bugaboos.  (*Id.*)

The Ninth Circuit considered an identical argument in the context of the Clean Air Act and disagreed.  *See Grand Canyon Trust v. Tucson Elec. Power Co.*, 391 F.3d 979, 987 (9th Cir. 2004).  Instead, the equitable defense of laches "must be invoked sparingly in suits brought to vindicate the public interest."  *Id*.  And while *Grand Canyon* dealt with the Clean Air Act, the false marking statute also vindicates the public interest.  *See* 7-20 Chisum on Patents § 20.03[7][c][vii].

Thus, the Court finds that laches and the equitable defense of unclean hands are suitable affirmative defenses against a citizen suit brought under § 292.  Oakley's motion to amend as to the sixth and seventh affirmative defenses is **GRANTED**.

*(D)*   **Eighth through Twelfth Affirmative Defenses**

Oakley's eighth affirmative defense states that "Oakley did not mark any product, packaging, or advertising with intent to deceive."  (Mot. to Amend at 7–8.)  The ninth affirmative defense is that Oakley relied on the advice of counsel.  (*Id.*)  Tenth, Oakley asserts that the warranty cards do not constitute patent marking.  (*Id.*)  Eleventh, Oakley asserts that the warranty cards do not constitute advertising.  And finally, the twelfth affirmative defense states that

1 "typographical errors on Oakley warranty cards fail to establish intent to deceive." (*Id.*)

2 Bugaboos objects to the eighth through twelfth affirmative defenses for the same reasons. The main objection is that the affirmative defenses are not affirmative defenses at all; instead, they speak to elements of claims.

Oakley's eighth affirmative defense asserts that it did not mark any product, packaging, or advertising with intent to deceive. Bugaboos' counterclaim is based on § 292, and an element of the statute is that the "marker act 'for the purpose of deceiving the public.'" *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362 (Fed. Cir. 2010) (quoting 35 U.S.C. § 292). The statutory language requires the plaintiff to establish that the defendant had "an intent to deceive the public." *See Pequignot*, 608 F.3d at 1362. Bugaboos bears the burden of proving this element, and it cannot be reframed as an affirmative defense. 5 C.A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1270 (3d ed. 2010). Oakley's motion as to the eighth affirmative defense is **DENIED**.

The ninth affirmative defense is related to the eighth, in that it attempts to negate the "purpose of deceiving the public" element. Oakley wishes to add the affirmative defense that its "patent marking efforts were not undertaken with the intent to deceive, but were made . . . on the advice of counsel." (Mot. to Amend at 7.) This runs into the same problem noted above. In response, Oakley argues that the Federal Circuit in *Pequignot* "specifically espoused reliance on the advice of counsel defense to rebut any presumption of intent to deceive." (Reply at 6.) The Court turns to *Peguignot* for guidance.

In *Pequignot*, the court considered the defendant's reliance on counsel as evidence of good faith to rebut the inference of intent to deceive the public. *Pequignot*, 608 F.3d at 1362–63. In the context of the case, the Federal Circuit was in the process of determining whether the plaintiff had established that defendant's false marking was intentional. *Id.* At that point, the plaintiff had successfully established a presumption of intent to deceive under *Clontech Labs. Inc., v. Invitrogen Corp.*, 406 F.3d 1347, 1352–53 (Fed. Cir. 2005). The defendant rebutted the presumption of intent to deceive by arguing that it had relied on the advice of counsel. *Pequignot*, 608 F.3d at 1364. The Federal Circuit agreed with the finding that "Solo acted in good faith

1  reliance on the advice of counsel . . . and a party's good faith belief is relevant to determining
2  whether it acted with intent to deceive." *Id.* (internal quotations and formatting removed). Thus,
3  the Federal Circuit considered advice of counsel not as an affirmative defense, but as part of the
4  "intent to deceive" analysis.

5        Oakley also notes that the "advice of counsel defense" contains the word "defense."
6  (Reply at 6.) But appending the word "defense" to a phrase does not an affirmative defense make.
7  Oakley's motion as to the ninth affirmative defense is **DENIED**.

8        The twelfth affirmative defense is that "typographical errors on Oakley warranty cards fail
9  to establish intent to deceive." (Mot. to Amend at 8.) This defense is not an affirmative defense
10 for the reasons stated above. Oakley's motion as to the twelfth affirmative defense is **DENIED**.

11       Oakley's tenth and eleventh affirmative defenses argue that "Oakley's warranty cards do
12 not constitute" patent marking or advertising. (*Id.*) The relevant statutory language states
13 "whoever marks upon, or affixes to, or uses in advertising . . . ." 35 U.S.C. § 292. Oakley's
14 proposed affirmative defenses speak directly to elements of Bugaboos' claim. The tenth and
15 eleventh affirmative defenses are denied for the same reasons as the eighth affirmative defense.
16 Oakley's motion as to the tenth and eleventh affirmative defenses is **DENIED**.

17 **III.  Conclusion**

18       After considering the affirmative defenses individually, the Court comes to the following
19 conclusion: Oakley's affirmative defenses for claim preclusion, issue preclusion, laches, and
20 unclean hands can be properly amended to Oakley's answer to Bugaboos' countercomplaint.

21       **CONCLUSION**

22       For the reasons stated above, Oakley's motion for leave to amend answer to counterclaims
23 of Defendant is **GRANTED** as to paragraph 74, and affirmative defenses one, three, four, five, six,
24 and seven. Oakley's motion is **DENIED** as to the remaining affirmative defenses.

25       **IT IS SO ORDERED**.

26 DATED: November 23, 2010

27       *Janis L. Sammartino*
      Honorable Janis L. Sammartino
28       United States District Judge